UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GERBER RADIO SUPPLY CO., INC. )
d/b/a GERBER ELECTRONICS, )
                                                 )
                Plaintiff, )
                                                 )
vs.                                              )    Civil Action No. 04-10724 RGS
                                                 )
CINCH CONNECTOR, INC., )
                                                 )
                Defendant. )
                                                 )

## **DEFENDANT'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Cinch Connectors, Inc. ("Cinch"), by its attorneys, moves to dismiss the complaint with prejudice. In support of this motion, Cinch state as follows:

1. Gerber Radio Supply Co., Inc., d/b/a Gerber Electronics ("Gerber") filed its complaint claiming that Cinch allegedly breached certain rights under a written Distributorship Agreement ("Agreement").

2. Gerber, however, failed to attach the alleged Agreement to its complaint.

3. Cinch is unaware of any such Agreement with Gerber. Indeed, after a thorough review of its files, Cinch has been unable to locate any such Agreement.

4. Neither could Gerber. As evidenced by a letter dated November 19, 2002, signed by Robert J. Gerber, President of Gerber, and sent to Thomas Ryan Jr., Cinch's Distribution Business Manager, Gerber is also unaware of an executed Agreement between it and Cinch:

> In a conversation with Mr. Larkin, [Rita Scully] alluded to the existence of a distributor Agreement between parties [sic]. *If such an agreement does exist, we would appreciate receiving a copy of it.*

(November 19, 2002 letter, emphasis added.)

5.  No Agreement was sent to Gerber in response to its November 19, 2002 letter because Cinch in unaware of any such Agreement and has no such Agreement in its files.

6.  Because there is no Agreement in existence between the parties requiring that Cinch accept the return old and obsolete product that Gerber purchased as much as a decade earlier, Gerber has no legal right to enforce such a return. Accordingly, Gerber's complaint must be dismissed with prejudice for failing to state a claim upon which relief may be granted.

Dated: May 7, 2004

Respectfully submitted,

CINCH CONNECTOR, INC.

By its counsel,

Stephen Wald (BBO #312350)
Chauncey D. Steele IV (BBO #647207)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 367-9500

## RULE 7.1(A)(2) CERTIFICATION

I hereby certify that I conferred with Plaintiff's counsel, Stephen Schultz, on May 7, 2004 and that I attempted in good faith to resolve this issue

_____
Chauncey D. Steele IV

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on May 7, 2004.

_____
Chauncey D. Steele IV