UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GERBER RADIO SUPPLY CO., INC. )
d/b/a GERBER ELECTRONICS, )
)
Plaintiff, )
)
vs. ) Civil Action No. 04-10724 RGS
)
CINCH CONNECTOR, INC., )
)
Defendant. )
)

**DEFENDANT'S MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS**

Defendant Cinch Connectors, Inc. ("Cinch"), by its attorneys, states as follows in support of its motion to dismiss:

**BACKGROUND**

On or about March 4, 2004, Gerber Radio Supply Co., Inc., d/b/a Gerber Electronics ("Gerber") filed a complaint in the Trial Court, Superior Court Department of the Commonwealth of Massachusetts. (A correct copy of the complaint is attached as Exhibit A to the Affidavit of Thomas M. Ryan, Jr. ["Ryan Dec."], which is attached hereto as Exhibit 1; Ryan Dec. ¶ 3.) However, because the parties were residents of different states and because the amount claimed was in excess of $75,000, Cinch timely removed the action to this Court.

This dispute arises over old and obsolete product inventory that Gerber purchased several years ago from Cinch but failed to sell. Gerber now contends that Cinch was somehow obligated to repurchase the unsold inventory. To support its

allegations, Gerber relies on an alleged May 20, 1994 written Distributorship Agreement ("Agreement"). (Complaint ¶¶ 5-34.) Gerber, however, fails to attach any exhibits to its complaint, much less the fully executed Agreement under which it makes its claims. (Ryan Dec. ¶ 4.) The reason for this is because no such written Agreement between Gerber and Cinch ever existed. (Ryan Dec. ¶ 5.) Without a written Agreement, Cinch is under no legal obligation to repurchase old and obsolete products from Gerber and Gerber has no legal right to enforce such a demand. Accordingly, Gerber's complaint fails to state a claim upon which relief may be granted and this matter must be dismissed with prejudice.

## ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to provide the defendant "fair notice of the nature of the claim and the grounds upon which it rests." *Williams v. Astra USA, Inc.*, 68 F.Supp.2d 29, 33 (D. Mass. 1999), citing *Washington v. James*, 782 F.2d 1134, 1140 (2d Cir. 1986). It is the plaintiff's burden to make sufficient factual allegations to survive a Rule 12(b)(6) motion. *Day v. Fallon Community Health Plan*, 917 F. Supp. 72, 75 (D. Mass. 1996). Moreover, when ruling on a 12(b)(6) motion to dismiss, a court must not accept any unsupported conclusions or interpretations of law. *Id.*, citing *Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F.2d 962, 971 (1st Cir. 1993).

According to Massachusetts law, in order to sustain a breach of contract claim, a plaintiff must plead: (1) that the parties had an agreement supported by valid consideration; (2) that plaintiff was ready, willing and able to perform; (3) that

2

defendant's breach has prevented it from performing; and (3) that plaintiff was damaged. *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 194 (1st Cir. 1996), *citing Singarella v. City of Boston*, 342 Mass. 385, 173 N.E.2d 290, 291 (1961). Moreover, "it is essential to state with 'substantial certainty' the *facts showing the existence of the contract* and the legal effect thereof." *Id., quoting Pollock v. New England Tel. & Tel. Co.*, 289 Mass. 255, 194 N.E. 133, 136 (1935) (emphasis added).

Here, Gerber is missing an essential element of its claim - that an agreement ever existed between the parties. It filed its complaint alleging that Cinch breached an Agreement by failing to repurchase old and obsolete product from Gerber. Gerber, however, is unable to produce any such Agreement. Indeed, on November 19, 2002, Robert J. Gerber, President of Gerber, sent a letter to Thomas Ryan Jr., Cinch's Distribution Business Manager, admitting that Gerber was unaware of the existence of such an Agreement:

> In a conversation with Mr. Larkin, [Rita Scully] alluded to the existence of a distributor Agreement between parties [sic]. *If such an agreement does exist, we would appreciate receiving a copy of it.*

(November 19, 2002 letter, emphasis added; a correct copy of it is attached as Exhibit B to the Ryan Dec.; Ryan Dec. ¶ 6.) Cinch never sent an Agreement to Gerber in response to the November 19, 2002 letter because Cinch is likewise unaware of the existence of such an Agreement and had no such Agreement in its files. (Ryan Dec. ¶ 7.) To be sure, Cinch conducted a thorough review of its files. (Ryan Dec. ¶ 8.) No Agreement with Gerber was found. (Ryan Dec. ¶ 8.)

Because no Agreement exists, Gerber does not have the legal right to enforce a demand on Cinch to repurchase old and obsolete product that Gerber originally purchased from Cinch. Accordingly, Gerber cannot state a claim upon which relief may be granted and its complaint must, therefore, be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Cinch Connectors, Inc. respectfully requests that this Court dismiss Gerber's complaint with prejudice for failure to state a claim upon which relief can be granted .

Dated: May 7, 2004

Respectfully submitted,

CINCH CONNECTOR, INC.

By its counsel,

_____
Stephen Wald (BBO #312350)
Chauncey D. Steele IV (BBO #647207)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 367-9500

## RULE 7.1(A)(2) CERTIFICATION

I hereby certify that I conferred with Plaintiff's counsel, Stephen Schultz, on May 7, 2004 and that I attempted in good faith to resolve this issue

_____
Chauncey D. Steele IV

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on May 7, 2004.

_____
Chauncey D. Steele IV

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERBER RADIO SUPPLY CO., INC. d/b/a GERBER ELECTRONICS, <br><br> Plaintiff, <br><br> vs. <br><br> CINCH CONNECTORS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) Civil Action No. 1:04-cv-10724-RGS ) ) ) ) ) |

### AFFIDAVIT OF THOMAS M. RYAN, JR. IN SUPPORT OF CINCH CONNECTORS, INC.'S MOTION TO DISMISS

I, Thomas M. Ryan, Jr., state as follows:

1. I am the Distribution Business Manager for Cinch Connectors, Inc. ("Cinch"). I have been employed by Cinch since January 2001.

2. I have personal knowledge of the facts stated herein and, if sworn as a witness in this case, would and could competently testify thereto.

3. On or about March 4, 2004, Gerber Radio Supply Co., Inc., d/b/a Gerber Electronics ("Gerber") filed a complaint in the Trial Court, Superior Court Department of the Commonwealth of Massachusetts alleging, *inter alia*, breach of contract. (A correct copy of the complaint is attached as Exhibit A.)

4. Gerber did not attach any exhibits to its complaint, much less the fully executed Distribution Agreement ("Agreement") with Cinch that Gerber claims Cinch breached.

5. Cinch is unaware of the existence of a written Agreement with Gerber.

6. Likewise, to the best of my knowledge, Gerber is unaware of the existence of a written Agreement. This knowledge is based on a November 19, 2002, from Robert J. Gerber,

President of Gerber, to me indicating that Gerber was unaware of an executed contract between it and Cinch, and requesting a copy of any such contract. A correct copy of that letter is attached as Exhibit B.

7. Cinch never sent a copy of an Agreement to Gerber in response to its November 19, 2002 letter because Cinch is unaware of the existence of such an Agreement and had no such Agreement in its files.

8. To be sure, Cinch conducted a thorough review of its files. No Agreement with Gerber was found.

9. I declare under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NOT

_____
Thomas M. Ryan, Jr.

Subscribed and sworn to
before me this  7  day
of May, 2004.

_____
Notary Public

*Official Seal*
*Winnie Rossini*
*Notary Public, State of Illinois*
*My Commission Expires 10-9-2006*

WINNIE ROSSINI

2

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GERBER RADIO SUPPLY CO., INC. )
d/b/a GERBER ELECTRONICS, )
                              )
           Plaintiff,         )
                              )
vs.                           )   Civil Action No. 1:04-cv-10724-RGS
                              )
CINCH CONNECTORS, INC.,       )
                              )
           Defendant.         )

### AFFIDAVIT OF THOMAS M. RYAN, JR. IN SUPPORT OF CINCH CONNECTORS, INC.'S MOTION TO DISMISS

I, Thomas M. Ryan, Jr., state as follows:

1. I am the Distribution Business Manager for Cinch Connectors, Inc. ("Cinch"). I have been employed by Cinch since January 2001.

2. I have personal knowledge of the facts stated herein and, if sworn as a witness in this case, would and could competently testify thereto.

3. On or about March 4, 2004, Gerber Radio Supply Co., Inc., d/b/a Gerber Electronics ("Gerber") filed a complaint in the Trial Court, Superior Court Department of the Commonwealth of Massachusetts alleging, *inter alia*, breach of contract. (A correct copy of the complaint is attached as Exhibit A.)

4. Gerber did not attach any exhibits to its complaint, much less the fully executed Distribution Agreement ("Agreement") with Cinch that Gerber claims Cinch breached.

5. Cinch is unaware of the existence of a written Agreement with Gerber.

6. Likewise, to the best of my knowledge, Gerber is unaware of the existence of a written Agreement. This knowledge is based on a November 19, 2002, from Robert J. Gerber,

President of Gerber, to me indicating that Gerber was unaware of an executed contract between it and Cinch, and requesting a copy of any such contract. A correct copy of that letter is attached as Exhibit B.

7. Cinch never sent a copy of an Agreement to Gerber in response to its November 19, 2002 letter because Cinch is unaware of the existence of such an Agreement and had no such Agreement in its files.

8. To be sure, Cinch conducted a thorough review of its files. No Agreement with Gerber was found.

9. I declare under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NOT

_____
Thomas M. Ryan, Jr.

Subscribed and sworn to
before me this 7 day
of May, 2004.

_____
Notary Public

Official Seal
Winnie Rossini
Notary Public, State of Illinois
My Commission Expires 10-9-2006

WINNIE ROSSINI

2

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

NORFOLK, SS.

SUPERIOR COURT DEPARTMENT

04 00413

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

GERBER RADIO SUPPLY CO., INC.
d.b.a. GERBER ELECTRONICS,
Plaintiff

-vs-

CINCH CONNECTOR, INC.
Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CIVIL ACTION #

## COMPLAINT

1.  This is a cause of action based on claims of violations of breach of contract and unjust enrichment. The case is brought by the plaintiff distributor seeking damages against the defendant supplier, because of its failure to accept the return of inventory from the distributor after the termination of the parties' distributorship agreement. In the alternative to seeking damages, plaintiff seeks an injunction against the defendant supplier requiring it to accept the return of its inventory in exchange for payment for the inventory.

2.  This Court has jurisdiction pursuant to M.G.L. c. 212 § 4 and c. 214 § 1. Venue is properly laid under M.G.L. c. 223 § 8.

## THE PARTIES

3.  Plaintiff Gerber Radio Supply Co., Inc., d.b.a. Gerber Electronics (hereafter "Gerber") is a Massachusetts corporation with a usual place of business in Norwood, Massachusetts. Gerber is a distributor of electronic components, including, among other things, connectors.

4.  Defendant Cinch Connector, Inc. ("Cinch") is a corporation headquartered in Illinois and registered with the Secretary of State to do business in Massachusetts. Cinch is the manufacturer, of among other things, connectors.

## THE FACTS

5.  On or about May 20, 1994, Cinch and Gerber entered into a Distributorship Agreement ("the Agreement").

6.  On November 21, 2002, pursuant to Section 26.2 of the Agreement, Gerber terminated the Agreement solely for the convenience of the terminating party by giving at least thirty (30) days' advance notice in writing of its election to do so.

7.  From on or about May 20, 1994 through November 21, 2002, the parties conducted their business relationship pursuant to the terms of the Agreement.

8.  Section 27.1 of the Agreement provided:

> If this Agreement is terminated under the provisions of Section 26.2, Cinch will repurchase Distributor's unsold inventory of Products subject to the conditions of Section 28.0 and the following conditions:
>
> . . . (b) If Distributor terminates, Distributor will be paid in accordance with Section 28.5 for Program Products less a ten percent (10%) restocking charge.

9.  Section 28.2 of the Agreement provided:

> Only Program Products which are not obsolete or damaged and are in good, clean and resalable condition will be accepted. Where Program Products have been provided by

-2-

Cinch have been provided by Cinch in standard packaging, such packaging must not be broken or damaged.

10. On November 21, 2002, pursuant to Section 28.5 of the Agreement, Gerber sent Cinch a list of inventory Gerber had purchased from Cinch, showing items, quantities and price substantiation, seeking to return eligible inventory to Cinch.

11. In total, Gerber listed inventory for which it had paid $99,393.59. Seventy seven Thousand, Nine Hundred and Fifty Dollars and Thirty Five Cents ($77,950.35) of this inventory was still listed for sale in a price list issued by Cinch on November 15, 2002, i.e. only seven (7) days prior to the date of termination. All of this inventory was Program Product in good, clean and resalable condition.

12. Section 28.3 of the Agreement provided in relevant part:

> Distributor agrees to provide Cinch with a list of its unsold inventory within thirty (30) days of the effective date of termination showing items, quantities and price substantiation. ... Within two (2) weeks of receipt of such list from Distributor, Cinch will issue to Distributor a Return Authorization specifying items, quantities and prices eligible for return.

13. Cinch never issued Gerber a Return Authorization specifying which items it determined were eligible for return.

14. Instead, Cinch informed Gerber that it considered the inventory too old to be returned, despite the fact that it was in good, clean and resalable condition and was listed in the Cinch current price list.

15. Section 6.2 of the Agreement provides:

> In the event Cinch decides to discontinue production or withdraw from sale any Program Product without offering Distributor an upgraded or replacement Program Product which is equivalent in form, fit and function and saleable as a direct replacement for an existing Program Product, such withdrawn Product will be considered obsolete. In such event,

-3-

Cinch shall notify Distributor that it will accept returns of such Program Products and specify the time period and conditions (in addition to the conditions of Section 19.5 that apply to such returns).

16.   None of the $77,950.35 of inventory at issue in this case, which Cinch now claims is too old to be returned, was ever declared obsolete by Cinch.

## COUNT I - BREACH OF CONTRACT AND BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

17.   Plaintiff repeats and incorporates by reference each and every allegation contained in paragraphs 1-16 of the Complaint as if fully set forth herein.

18.   By virtue of its refusal to repurchase from Gerber all inventory required to be repurchased upon termination under the terms of the Agreement, Cinch has breached its obligations that it owes Gerber under the terms of the Agreement.

19.   In the alternative, if Cinch is not liable to Gerber pursuant to the terms of the Agreement, Cinch is nevertheless liable to Gerber for breach of an implied contract to accept the return of inventory.

20.   By virtue of its refusal to repurchase from Gerber all inventory required to be repurchased upon termination under the terms of the Cinch Agreement, Cinch has injured the rights of Gerber to receive the fruits of the Agreement and/or has exercised its discretion in a manner inconsistent with the reasonable expectations of the parties and/or has acted in an inequitable manner in violation of the implied duty of good faith and fair dealing inherent in every contract.

21.   By virtue of its refusal to repurchase from Gerber all inventory required to be repurchased upon termination under the terms of the Cinch Agreement, Cinch has injured the rights of Gerber to receive the fruits of the Agreement and/or has exercised its discretion in a manner inconsistent

with the reasonable expectations of the parties and/or has acted in an inequitable manner in violation of the implied duty of good faith in the performance of contracts imposed upon all merchants by the Illinois General Laws, 810 ILCS 5/1-201(19), 810 ILCS 5/1-203 and 810 ILCS 5/1-203 2-103.

22. As a direct, proximate and intended result of the foregoing, plaintiff has suffered serious financial losses for which the defendant Cinch is liable.

## COUNT II- UNJUST ENRICHMENT

23. Plaintiff repeats and incorporates by reference each and every allegation contained in paragraphs 1-22 of the Complaint as if fully set forth herein.

24. Section 2.1 of the Agreement required Gerber to maintain "adequate inventory and facilities to assure optimum distribution of the Cinch Products."

25. Cinch benefitted from Gerber's carrying large quantities of Cinch inventory. Cinch benefitted from Gerber's increased carrying costs of the inventory and Cinch's concomitant increase in cash on hand.

26. Gerber purchased Cinch inventory for potential future sales even though Gerber did not have immediate customers for said inventory. Gerber purchased inventory even though it did not have immediate customers for said inventory because of its reasonable expectations that Cinch would accept the return of all unsold catalog products upon Gerber's termination as a distributor.

27. According to the dictates of equity and good conscience, Cinch should not retain the benefits of Gerber's keeping inventory on hand in order to better service Cinch.

28. It is unreasonable for Cinch to have expected Gerber to carry Cinch inventory without expecting to accept the return of all unsold catalog products upon Gerber's termination as a distributor.

29. Cinch has been unjustly enriched by retaining the benefits from the sale of inventory to Gerber for inventory not designated at the time of sale toward specific customers.

30. It is unreasonable for Cinch to expect Gerber to carry inventory, which Cinch refuses to accept back because of age, when Cinch never obsoleted such inventory.

31. Cinch has been unjustly enriched by retaining the benefits of Gerber's carrying its inventory for years, when Cinch never obsoleted such inventory.

## COUNT III - BREACH OF CONTRACT

32. Plaintiff repeats and incorporates by reference each and every allegation contained in paragraphs 1-31 of the Complaint as if fully set forth herein.

33. By virtue of its failure to give written notice of its discontinuance of the disputed parts which Cinch now claims are too old and obsolete, Cinch breached the terms of its contract with Gerber.

34. As a direct, proximate and intended result of the foregoing, plaintiff has suffered serious financial losses for which the defendant Cinch is liable.

## PRAYERS FOR RELIEF

WHEREFORE, the plaintiff prays that the Court enter judgment in its favor and that the Court enter the following relief:

1. Enter Judgment against the defendant Cinch for appropriate damages; or, in the alternative:

2. Enter Judgment against the defendant Cinch for damages in the amount of losses suffered by Gerber in reselling Cinch inventory after its termination by Cinch and enjoin Cinch to repurchase from Gerber all unsold Cinch inventory listed in Cinch's price lists or catalogues and in saleable condition as of the date of Gerber's termination still held by Gerber at the conclusion of the trial at the prices required by the Agreement.

3. Order Cinch to pay appropriate costs and expenses of this litigation, including attorneys fees..

4. Issue such other, further relief as this Court deems equitable and just under the circumstances.

BY GERBER RADIO SUPPLY CO.'S ATTORNEYS,

*[signature]*
Stephen Schultz, Esq.
BBO # 447680
Mark Engel, Esq.
BBO # 154440
Engel & Schultz, P.C.
125 High Street
High Street Tower, Suite 2601
Boston, MA 02110
(617) 951-9980

Date: 3/4/04

A TRUE COPY
Attest: _____

-7-

A TRUE COPY
Attest: _____
Deputy

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Norfolk |
|---|---|---|

| PLAINTIFF(S) Gerber Radio Supply Co., Inc. d/b/a Gerber Electronics | DEFENDANT(S) Cinch Connector, Inc 04 00414 |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Stephen Schultz Engel & Schultz, 125 High Street, Boston, MA 02110 (617) 951-9980 Board of Bar Overseers number: 447680 | ATTORNEY (if known) |

**B**

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A02 | Goods- Sold and Delivered | (F) | ( ) Yes ( X ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................. $
2. Total Doctor expenses ............................................................. $
3. Total chiropractic expenses ....................................................... $
4. Total physical therapy expenses .................................................. $
5. Total other expenses (describe) ................................................... $
   Subtotal $
B. Documented lost wages and compensation to date ........................... $
C. Documented property damages to date ......................................... $
D. Reasonably anticipated future medical and hospital expenses ............... $
E. Reasonably anticipated lost wages ................................................ $
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   $
   TOTAL $

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): The case is brought by the plaintiff distributor seeking damages against the defendant supplier because of its failure to accept the return of inventory from the distributor after the termination of the parties' distributorship agreement.

TOTAL $77,950.35

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Stephen Schultz_    A TRUE COPY   DATE: 3/4/04

Attest: _____
Deputy Assistant Clerk

RECEIVED & FILED 3/4/04 CLERK OF THE COURTS NORFOLK COUNTY



NOVEMBER 19, 2002

MR. TOM RYAN JR.
DISTRIBUTION BUSINESS MANAGER
CINCH
1700 FINLEY ROAD
LOMBARD, IL 60148-4890

DEAR MR. RYAN,

MR. PAUL LARKIN OF OUR CONCERN HAS MADE REPEATED REQUESTS OF MS. RITA SCULLY IN THE CINCH ACCOUNTS RECEIVABLE DEPARTMENT FOR A COPY OF THE LAST DISTRIBUTOR AGREEMENT BETWEEN GERBER RADIO SUPPLY CO., INC. d/b/a GERBER ELECTRONICS AND CINCH. ON SEVERAL OCCASIONS, IN CONVERSATION WITH MR. LARKIN, SHE ALLUDED TO THE EXISTENCE OF A DISTRIBUTOR AGREEMENT BETWEEN PARTIES. IF SUCH AN AGREEMENT DOES EXIST, WE WOULD APPRECIATE RECEIVING A COPY OF IT.

AS YOU ARE AWARE, WE HAVE A SUBSTANTIAL INVENTORY OF CINCH PRODUCTS ON HAND (ABOUT $100,000.00) WHICH WE WOULD LIKE TO RETURN FOR A REFUND, NOT CREDIT BECAUSE OF THE EXISTENCE OF A MASTER DISTRIBUTOR PROGRAM WHICH DIRECTS US TO PURCHASE OUR REQUIREMENTS FOR CINCH PRODUCTS FROM A SOURCE OTHER THAN THE MANUFACTURER.

IF WE DO NOT RECEIVE A RESPONSE FROM CINCH WITHIN THE WEEK, THEN WE WILL PROCEED TO PRESS OUR CLAIM UNDER THE LAWS OF THE COMMONWEALTH OF MASSACHUSETTS.

VERY TRULY YOURS,

*[signature]*

ROBERT J. GERBER
PRESIDENT
GERBER RADIO SUPPLY CO., INC.

GERBER RADIO SUPPLY CO. INC. / INDUSTRIAL ELECTRONIC DISTRIBUTORS
128 Carnegie Row, Norwood, MA 02062   (781)769-6000  Fax (781)762-8931