UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 MAY 28  P 12: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

GERBER RADIO SUPPLY CO., INC.
d.b.a. GERBER ELECTRONICS,
Plaintiff

-vs-

CINCH CONNECTOR, INC.
Defendant

CIVIL ACTION #  04-10724 RGS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR ALLOWANCE TO AMEND COMPLAINT

### Statement of Case

Plaintiff Gerber Radio Supply Co., Inc., d.b.a. Gerber Electronics (hereafter "Gerber") is a Massachusetts corporation with a usual place of business in Norwood, Massachusetts. Gerber is a distributor of electronic components, including, among other things, connectors.

Defendant Cinch Connector, Inc. ("Cinch"), upon information and belief, is a corporation headquartered in Illinois. Cinch is the manufacturer, of among other things, connectors.

On March 4, 2004, Gerber filed the Complaint in this case, claiming inter alia that Cinch breached a Distributorship Agreement between the parties and unjust enrichment, by virtue of Cinch's refusal to repurchase Gerber's inventory of Cinch parts upon Gerber's legal termination of said agreement.

On May 7, 2004, Cinch filed a Motion to Dismiss the Complaint, alleging that no signed contract existed which would obligate the defendant to repurchase said inventory.

1

Subsequently, Gerber has discovered a signed Distributorship Agreement dated March 10, 1980 and Gerber seeks to hereby amend its Complaint accordingly. The Amended Complaint accounts for this new evidence.

### Argument

Fed. R. Civ. P. 15(a) provides that "leave shall be freely given" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(b) allows amendments at any time to conform to the evidence in a case.

In *Foman v. Davis*, 371 U.S. 178, 182 (1960), the Court declared:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

The defendant Cinch shall suffer no prejudice if the Amended Complaint is allowed. None of the factors cited in *Foman* as a basis for denying a motion to amend are present in the instant case. The new count is based on the same theory as Count I of the original complaint, which alleges breach of contract. The new evidence does not prejudice the defendant because it was discovered early in the litigation process. The defendant has ample opportunity to respond to this discovery of new evidence. It would be unjust to prevent the plaintiff from amending his Complaint based on newly discovered evidence.

## Conclusion

For the reasons stated in this Memorandum, Plaintiff Gerber's Motion to Amend its Complaint should be allowed.

BY GERBER RADIO SUPPLY CO., INC.'S
ATTORNEY,

_____
Mark Engel, Esq.
BBO # 154440
Stephen Schultz, Esq.
BBO # 447680
Engel & Schultz, P.C.
125 High Street
High Street Tower, Suite 2601
Boston, MA 02110
(617) 951-9980

Date: May 28, 2004

### Certificate of Service

I, Mark D. Engel, hereby certify that I served a copy of the above-entitled document on counsel of record for the defendant in the above-entitled case by hand on this 28th day of May, 2004.

_____
Mark D. Engel