IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
Clerk's Office
USDC, Mass.
Date 7-12-04
By _____
Deputy Clerk

GERBER RADIO SUPPLY CO., INC. )
d/b/a GERBER ELECTRONICS, )
 )
Plaintiff, )
 )
vs. ) Civil Action No. 1:04-cv-10724-RGS
 )
CINCH CONNECTOR, INC., )
 )
Defendant. )

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER VENUE

Defendant Cinch Connector, Inc. ("Cinch"), by its attorneys, and in support of its motion to transfer venue states as follows:

### BACKGROUND

Cinch is a Delaware corporation with its principal place of business in Illinois and Gerber Radio Supply Co., Inc., d/b/a Gerber Electronics ("Gerber") is a Massachusetts corporation with its principal place of business in Massachusetts. (Complaint ¶ 3; Affidavit of Thomas M. Ryan, Jr. ["Ryan Dec."] ¶ 3, a copy of which is attached as Exhibit 1.) Cinch and Gerber entered into a distributorship agreement (the "Agreement") in May, 1994. (Ryan Dec. ¶ 4.) Neither of the parties appear to have a fully executed copy of the Agreement. (Ryan ¶ 4; an identical but unexecuted copy of the Agreement is attached to the Ryan Dec as Exhibit A.) Under the terms of the Agreement, Cinch was to manufacture certain connectors and Gerber was then to act as a distributor of those connectors. (Agreement ¶ 1.0, *et seq.*)

This dispute arises over old and obsolete product inventory that Gerber purchased from Cinch but failed to sell. Gerber now contends that Cinch was somehow obligated to repurchase the unsold inventory. Under the terms of the Agreement, however, Cinch was not required to

repurchase unsold inventory that was (i) over five years old, or (ii) deemed to be obsolete. (See Agreement ¶¶ 16.1, 28.2.) In this case, Gerber's inventory was both over five years old and obsolete. (Ryan Dec. ¶ 5.)

Gerber claims that because Cinch did not repurchase the old and obsolete products, it has somehow breached the Agreement and has been unjustly enriched. Gerber filed this action in the Trial Court, Superior Court Department of the Commonwealth of Massachusetts. However, because the parties were residents of different states and because the amount claimed was in excess of $75,000, Cinch timely removed the action to this Court.

Cinch is now seeking to transfer this action to the Northern District of Illinois. Illinois is a more appropriate venue for a number of reasons. First, and most important, the parties' Agreement contains an explicit choice of law and venue clause where both Cinch and Gerber agreed that any dispute would be decided under Illinois law and in an Illinois venue. (See Agreement ¶ 41.0.) Further, many of the parties, witnesses, and evidence pertaining to this dispute are located in Illinois. Finally, since Illinois law is the applicable law (see Agreement ¶ 41.0), it is in the interests of justice to have an Illinois court determine the issues under its law. As such, a transfer of this action is appropriate.

## ARGUMENT

The transfer of a civil action from one federal district to another is governed by 28 U.S.C. § 1404(a). *Home Products Int'l- North America, Inc. v. Peoplesoft USA, Inc.*, 201 F.R.D. 42, 44 (D. Mass. 2001). Specifically, Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of section 1404(a) is to allow the court "to make a particularized determination, under all of the

circumstances of an individual case, on where it may most conveniently be tried." 15 Wright, Miller and Cooper *Federal Practice and Procedure*, 5th ed. § 3841.

Transfer is proper under §1404(a) when: (i) an adequate forum exists; and (ii) that considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternate forum. *Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8, 12 (1st Cir. 2000). Courts generally deem the first requirement satisfied if the defendant demonstrates that the alternative forum addresses the types of claims that the plaintiff has brought and that the defendant is amenable to service of process there. *Id.* The second requirement is met where private and public interest factors show that the alternate forum is more convenient and weigh in favor of a transfer. *Id.*

Here, Illinois is the more appropriate and convenient forum within which to litigate this dispute. Most importantly, the parties contractually agreed to have Illinois law govern their disputes and to litigate any disputes in Illinois. Because the parties contracted for this term, absent some compelling and countervailing reason, the forum selection clause should be given great deference parties and enforced by the courts. In addition, the private and public factors weigh heavily in favor of Illinois as well.

## I. THE PARTIES CONTRACTUALLY CHOSE ILLINOIS AS THEIR FORUM.

Forum selection clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. *Royal Bed and Spring Co., Inc. v. Famossul Industria E Comercio De Moveis Ltda.*, 906 F.2d 45, 49 (1st Cir. 1990), citing *The Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 92 S. Ct. 1907 (1972). The burden, therefore, is upon the party resisting the forum selection clause to show that enforcement "would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.; see also Cashman Equipment Corp. v. Kimmins Contracting Corp.*, No.

3

Civ.A. 03-10463-DPW, 2004 WL 32961, at *6 (D. Mass. Jan. 5, 2004), *quoting Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239 (1972).

The Supreme Court has specifically stated that "it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *The Bremen*, 407 U.S. at 16, 92 S. Ct. at 1916-17. *The Bremen* court concluded that "[a]bsent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain." *Id.* Moreover, the Supreme Court expressly stated that "[if] [t]he choice of [a] forum was made in an arm's length negotiation by experienced and sophisticated businessmen, . . . absent some compelling and countervailing reason it should be honored by the parties and enforced by the courts." *The Bremen*, 407 U.S. at 12, 92 S.Ct. at 1914.

Here, Gerber can make no such showing. A valid forum selection clause exists in the very Agreement that Gerber seeks to enforce in its Complaint. (Agreement ¶ 41.0.) Both the Agreement and the forum selection clause were negotiated at arms-length between two experienced, sophisticated businesses. Therefore, the burden shifts to Gerber to show that the clause is invalid or that enforcement would be unreasonable and unjust. Gerber will be unable to prove either. Gerber is unable to state any valid reason why, under these circumstances, Cinch should not receive the full benefit of its bargain. Accordingly, the forum selection clause is valid and should be enforced.

## II.  PRIVATE AND PUBLIC INTEREST FACTORS WEIGH IN FAVOR OF LITIGATING THIS DISPUTE IN ILLINOIS.

The Supreme Court has held that a plaintiff's choice of a "home forum" may be overcome only when the private and public interest facts point towards trial in the alternative forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S.Ct. 252, 266 (1981). To assist in this

4

determination, the Supreme Court has provided guidance on the nature of the factors to be considered when balancing these private and public interest factors. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843 (1947). Considerations relevant to the litigants' private interests include the relative ease of access to sources of proof, the availability of service of process for the attendance of unwilling witnesses, and the costs associated with obtaining the attendance of willing witnesses. *Id.*

Factors relevant to public interest include such things as the administrative difficulties of docket congestion, the general goal of having local controversies decided at home, ease of access to the proceedings on the part of interested citizens, the trier's relative familiarity with the appropriate law, and the burdens of jury duty. *Id.*, 330 U.S. at 508-09, 67 S.Ct. at 843.

Here, these factors tip firmly in Cinch's favor. As for private interests, the access to the sources of proofs in this case lies in Illinois. This is because the majority of witnesses and records will inevitably be located in Illinois. For example, a majority, if not all, of the witnesses and documents evidencing that the obsoleteness of the products Gerber is attempting to return are in Illinois. (Ryan Dec. ¶ 6.) Similarly, documents relating to the Agreement, correspondence, billing, and invoices are housed in Illinois. (Ryan Dec. ¶ 7.) The same cannot be said for Massachusetts.

The public interest factors also weigh heavily in Cinch's favor. This is because the Agreement has an explicit choice of law clause that requires it to be construed in accordance with the laws of the State of Illinois. (Agreement ¶ 4.10.) Thus, Illinois obviously has a stronger interest in interpreting its own laws and resolving matters arising under its law than Massachusetts. *See, e.g., Kennedy v. Schoenberg, Fisher & Newman*, 140 F.3d 716, 728 (7th Cir. 1998) (when state only claims remain, "respect for the state's interest in applying its own law,

5

along with the state court's greater expertise in applying state law, become paramount concerns").

## CONCLUSION

For the foregoing reasons, Cinch Connector, Inc. respectfully requests that this Court, enforce the parties contractual forum selection clause, and grant its motion to transfer this matter to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

**CINCH CONNECTOR, INC.,**
**Petitioner/Defendant**

By: _____ BBO# 647207
One of Its Attorneys   July 12, 2004

Stephen Wald
Chauncey D. Steele, IV
Craig & Macauley, P.C.
Federal Reserve Plaza
600 Atlantic Avenue
Boston, Massachusetts 02210
617.367.9500

6